IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-48,498-03






EX PARTE ELKIE LEE TAYLOR









ON APPLICATION FOR WRIT OF HABEAS CORPUS AND MOTION FOR
STAY OF EXECUTION FROM CAUSE NO. 0542281

IN THE 297TH DISTRICT COURT

TARRANT COUNTY




 Per Curiam.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for stay
of execution.

 In June 1994, a jury found applicant guilty of capital murder. The jury answered the
special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and
the trial court, accordingly, set applicant's punishment at death. This Court affirmed
applicant's conviction and sentence on direct appeal. Taylor v. State, 920 S.W.2d 319 (Tex.
Crim. App. 1996)(publ. in part). Applicant filed his initial post-conviction application for
writ of habeas corpus in the convicting court on July 13, 1998. In that application, applicant
raised nine claims, including a claim that the trial court violated his right to be free from
cruel and unusual punishment by instructing the jury that it could convict him even though
he was not a major participant in the crime. This Court denied relief on March 28, 2001. Ex
parte Taylor, No. WR-48,498-01 (Tex Crim. App. Mar. 28, 2001)(not designated for
publication). 

 Applicant filed his first subsequent writ application in the trial court on January 16,
2003. He raised three claims, including a claim that he could not constitutionally be executed
because he is mentally retarded. After remanding the mental retardation claim to the trial
court, we denied relief. Ex parte Taylor, No. WR-48,498-02 (Tex Crim. App. Feb. 1,
2006)(not designated for publication). 

 Applicant filed this, his second subsequent application in the trial court on October
29, 2008. In the single claim raised, applicant asserts that he was denied a unanimous verdict
because of erroneous instructions given to the jury. We find that this allegation does not
meet the dictates of Article 11.071, § 5. Accordingly, applicant's application is dismissed
as an abuse of the writ, and his motion for stay of execution is denied.

 IT IS SO ORDERED THIS THE 3RD DAY OF NOVEMBER, 2008.


Do Not Publish